The search warrant gives us authority to take all information off of any electronic device in this office and that's what we are going to do."

37. Plaintiff argued with JOHN DOE 1 and JANE DOE 1 about the immediate return of Plaintiff's personal property. These individuals could not provide any valid reason for the seizure of Plaintiff's property. Plaintiff was told by JANE DOE 1, "That's too bad, we will do what we want and I'm not going to discuss this with you anymore."

38. Plaintiff asked repeatedly when it would be copied and returned and was only told, "when it is ready". Plaintiff demanded a time frame and was not provided any time frame. As of the filing of this complaint Plaintiff has not received her personal property from GUERRIERI or GUERRIERI's office nor has Plaintiff been informed as to when she will receive her personal property.

39. Plaintiff asked for a receipt from GUERRIERI as proof that Plaintiff's hard drive was being seized to which GUERRIERI refused. ROBERT GUERRIERI then identified himself and wrote the purported serial number of the hard drive on the back of his, ROBERT GUERRERI's business card. This was the first time that any of the individuals executing the warrant were identified to Plaintiff.

40. Plaintiff's laptop computer was returned on this date, but her personal backup hard drive has not been returned to Plaintiff as of this date, April 1, 2013.

41. Since February 15, 2013, the date of this search of the Shelton Law Group office, GUERRIERI has made two unannounced stops to this office while Plaintiff was inside working. GUERRIERI's unannounced visits caused Plaintiff to panic as Plaintiff believed that she was going to be detained or arrested, or the office raided again. On one of these occasion, GUERRIERI was surprised to see Plaintiff and stated to Plaintiff "after our conversation, I thought

you'd quit", referring to the aftermath of the "raid" on the office on February 15, 2013. Plaintiff asked again for the return of Plaintiff's personal items and to which GUERRIERI refused.

42. To date, Plaintiff suffers sleeping problems, nightmares and continues to have anxiety attacks when she returns to Shelton Law Office and while working within the suite. Plaintiff is constantly suffering anxiety and panic attacks when she hears the office door open because Plaintiff believes that she might be present in the office when another raid is perpetrated, at which point Plaintiff would be subject to another "surprise" detention or arrest. This anxiety is affecting Plaintiff's work performance and personal life.

43. Plaintiff subsequently obtained a copy of the "search warrant" specific to this incident. A review of the alleged "search warrant" does not mention seizure of persons, including Plaintiff's person, nor does it state with particularity the search or seizure of Plaintiff's person or property.

44. At all times Plaintiff believed that she was under arrest and several times during Plaintiff's detention succumbed to her anxieties and began to cry. While Plaintiff was kept in the office, she feared that at any moment she would be "handcuffed and carted away."

## COUNT I
### (42 U.S.C. § 1983; Unreasonable seizure of Plaintiff's person)

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 44 above and incorporates the same as if set forth in full.

46. Plaintiff was unreasonably detained while in her individual capacity and Plaintiff was deprived of her liberty and freedom.

47. Defendants GUERRIERI and DOES specific to this unreasonable seizure committed acts that clearly violated Plaintiff's Fourth Amendment rights and clearly established law. Further, said acts were committed pursuant to a custom, practice or policy.

48. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, severe depression, frustration,

anger, loss of self worth, humiliation and loss of sleep, all to her injury in the amount of $250,000.00.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

## COUNT II
### (42 U.S.C. § 1983; Unreasonable Search of Plaintiff's Person)

49. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 52 above and incorporates the same as if set forth in full.

50. Plaintiff's person was unreasonably searched by Defendants Guerrieri and DOES.

51. Defendants Guerrieri and DOES specific to this unreasonable search of Plaintiff's person committed acts that clearly violated Plaintiff's Fourth Amendment rights and clearly established law. Further, said acts were committed pursuant to a custom practice or policy.

52. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, severe depression, frustration, anger, loss of self worth, humiliation and loss of sleep, all to her injury in the amount of $250,000.00.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

## COUNT III
### (42 U.S.C. § 1983; Unreasonable Search of Plaintiff's Affects)

53. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 56 above and incorporates the same as if set forth in full.

54. Plaintiff's property, including her Bluetooth device, cell phone, laptop computer and tera drive backup device were unreasonably seized and searched by Defendants Guerrieri and DOES.

55. Defendants Guerrieri and DOES specific to this unreasonable search of Plaintiff's affects committed acts that clearly violated Plaintiff's Fourth Amendment rights and clearly established law. Further, said acts were committed pursuant to a custom practice or policy.

56. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, severe depression, frustration, anger, loss of self worth, humiliation and loss of sleep, all to her injury in the amount of $250,000.00.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

### COUNT IV
### (42 U.S.C. § 1983; Unreasonable Seizure of Plaintiff's Affects)

57. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 60 above and incorporates the same as if set forth in full.

58. Defendants Guerrieri and DOES unreasonably seized plaintiff's affects, including her cellphone, laptop computer and hard drive backup device. Further these acts were done in excess of the authority granted Defendant's by the search warrant.

59. Defendants Guerrieri and DOE specific to this unreasonable seizure of Plaintiff's affects committed acts that clearly violated Plaintiff's Fourth and Fourteenth Amendment rights and clearly established law. Further, said acts were committed pursuant to a custom practice or policy.

60. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff suffered emotional distress including but not limited to odium, severe depression, frustration, anxiety, anger, loss of self worth, humiliation and loss of sleep all to her injury.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

### COUNT V
### (42 U.S.C. § 1983; Unreasonable Search of Plaintiff's person)

61. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 64 above and incorporates the same as if set forth in full.

62. Defendant GUERRIERI, in deliberately failing to apprise Plaintiff of her Fifth Amendment guarantees, conducted an unreasonable search of Plaintiff through interrogation and thereby was compelling Plaintiff to incriminate herself. GUERRIERI acting with DOES also violated Plaintiff's reasonable expectation of privacy when they seized Plaintiff knowing full well, and admitting the same that she was not under investigation, then demanding she produce personal information, she was never informed she could refuse, and did not feel she could refuse without risking further detention.

63. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff suffered emotional distress including but not limited to odium, severe depression, frustration, anxiety, anger, loss of self worth, humiliation and loss of sleep all to her injury.

64. WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

## COUNT VI
**(43 .S.C. § 1983; Unreasonable Seizure of Plaintiff's property without Due Process)**

65. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 68 above and incorporates the same as if set forth in full.

66. Defendants Guerrieri unreasonably seized plaintiff's affect, a backup hard drive device, absent any due process of law. Defendants Guerrieri and DOES specific to this unreasonable seizure of Plaintiff's affect, a personal backup hard drive device, committed acts that clearly violated Plaintiff's and Fifth Fourteenth Amendment rights and clearly established law. Further, said acts were committed pursuant to a custom practice or policy.

67. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff suffered emotional distress including but not limited to odium, severe depression, frustration, anxiety, anger, loss of self worth, humiliation and loss of sleep all to her injury.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

14

## COUNT VII
### (Assault)

68. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 71 above and incorporates the same as if set forth in full.

69. Defendants Guerrieri and DOES, did intentionally and offensively engage in conduct that put Plaintiff in reasonable apprehension of bodily harm and did use that conduct and control to detain Plaintiff thereby gaining further control over Plaintiff and did, thereby, assault Plaintiff.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally, for Tortious Battery.

## COUNT VIII
### (Negligence)

70. Plaintiff' repeats and re-alleges the allegations contained in paragraphs 1 through 73 above and incorporates the same as if set forth in full.

71. Defendants Guerrieri and DOES have a legal duty to prevent and refrain from conduct that deters, suppresses, or otherwise breaches Plaintiff's Constitutionally protected rights and clearly established law regarding how public servants conduct themselves with respect to the people and citizens of these United States.

72. Because of the foregoing, Defendants were the actual and proximate cause of all injury suffered by Plaintiff.

73. WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally, for Tortious Negligence.

## COUNT IX
### (False Imprisonment)

74. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 77 above and incorporates the same as if set forth in full.

75. Defendants Guerrieri and DOES physically held, and authorized to be held, Plaintiff with the intention of keeping her confined, and there was no possibility of leaving or escape for Plaintiff due to the guards kept around her.

76. WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally, for Tortious False Imprisonment.

## COUNT X
### (Intentional Infliction of Emotional and Mental Distress)

77. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 80 above and incorporates the same as if set forth in full.

78. Defendant GUERRERI after the execution of the search warrant and unreasonable search and seizure of Plaintiff, would stop by from time to time at Shelton's law office, and on one of these occasions made it clear that he had expected his conduct to deter Plaintiff from working further with Shelton, therefore it is apparent Defendant GUERRERI working with DOES conducted themselves with at minimum an expectation to greatly intimidate and/or scare Plaintiff to a certain degree as to deter and prevent Plaintiff from working and/or assisting Sheldon ever again.

Defendants' conduct was grossly unreasonable, and as a direct and proximate result of their actions Plaintiff has sustained substantial emotional distress from the unreasonable search and seizure and the assault and false arrest and imprisonment.

WHEREFORE Plaintiff prays for Compensatory and Punitive Damages against the Defendants jointly and severally, for the tort of Intentional Infliction of Mental Distress.

**WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them, as follows:

### AS TO COUNT I

a) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

b) For punitive damages in the amount of $250,000.00

### AS TO COUNT II

c) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

16

d) For punitive damages in the amount of $250,000.00

## AS TO COUNT III

e) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

f) For punitive damages in the amount of $250,000.00

## AS TO COUNT IV

g) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

h) For punitive damages in the amount of $250,000.00

## AS TO COUNT V

i) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

j) For punitive damages in the amount of $250,000.00

## AS TO COUNT VI

k) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

l) For punitive damages in the amount of $250,000.00.

## AS TO COUNT VII

m) For general damages against Defendants in their individual and official capacities in the amount of $200,000.00

n) For punitive damages in the amount of $100,000.00

## AS TO COUNT VIII

o) For general damages against Defendants in their individual and official capacities in the amount of $400,000.00

p) For punitive damages in the amount of $100,000.00

## AS TO COUNT IX

17

q) For general damages against Defendants in their individual and official capacities in the amount of $400,000.00

r) For punitive damages in the amount of $100,000.00

### AS TO COUNT X

s) For general damages against Defendants in their individual and official capacities in the amount of $400,000.00;

t) For punitive damages the amount of $100,000.00;

u) Reasonable legal costs & fees, along with costs of suit; and,

v) Such other relief as this Court may find to be just and proper.

w) Reasonable legal costs & fees, along with costs of suit; and,

Such other relief as this Court may find to be just and proper.

### DEMAND FOR JURY TRIAL

### I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATED this 1st day of April, 2013.

_____
Original Signature

Mary Beth Pletzke Plaintiff
*In Proper Person*

By her attorneys
Shelton Law Group, LLC
700 East Ogden Avenue, #101
Westmont, Illinois 60559-1283
ARDC No 6191197